UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| L.B. HAILEY FAMILY LIMITED PARTNERSHIP,<br>　　　　Plaintiff,<br><br>v.<br><br>ENCANA OIL & GAS (USA) INC.,<br>　　　　Defendant. | No. 5:17-cv-149-RCL |

## MEMORANDUM OPINION

Before the Court is a pair of dueling motions for summary judgment. ECF Nos. 39, 40. Plaintiff L.B. Hailey Family Limited Partnership ("LBH") maintains that it was entitled to an accounting under its contract with defendant Encana Oil & Gas (USA) Inc. ("Encana"). Encana never provided an accounting and disputes the notion that it was ever obligated to. This Court, having already dismissed the heart of LBH's complaint, now turns to the final remaining issue in this case.

### I.　Background

Encana, the lessee, operates leaseholds and wells in Karnes County, Texas, on land owned by LBH, the lessor. Pursuant to LBH's royalty interest, Encana issued monthly payments to LBH. After a disagreement regarding which expenses were properly deducted from the royalty interest payments, LBH filed suit against Encana in state court. Encana removed the case to this Court on the basis of diversity jurisdiction. The unambiguous language in the lease cut in favor of Encana, and this Court granted in part Encana's 12(b)(6) motion to dismiss. This Court allowed the portion of LBH's complaint pertaining to Encana's alleged failure to provide an

1

accounting to proceed, as well as LBH's related claim for attorney's fees. These remaining issues are addressed herein.

## II. Legal Standard

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (internal quotations omitted). All justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To prevail on a motion for summary judgment, the moving party must show that the non-moving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. *Id.*

## III. Analysis

The success of LBH's motion is contingent on the existence—and breach—of a contractual agreement for Encana to provide an accounting "as to the sums previously deducted for post-production expenses alleged to have been incurred by Encana." Ex. A, ECF No. 39-1. In defense of the existence of an accounting agreement, LBH cites a provision of its lease agreement with Encana:

> (2) All royalties that are payable under this lease shall be paid to Lessor by mailing checks to Lessor at the address given above promptly after each sale of production, but not later than the twentieth day of the second calendar month following the month of sale or use. Lessor shall have the right at all reasonable times but with reasonable notice

to inspect the books, accounts contracts, records, and data of Lessee pertaining to its operations on the Property and sales of production from the Property.

Pl.'s Mot. 2, ECF No. 39. LBH also points to correspondence between itself and Encana, where LBH requests an accounting and Encana declines to provide one. Exs. A, B, C, ECF Nos. 39-1–3.

Looking first to the contractual provision, LBH had "the right at all reasonable times but with reasonable notice to *inspect* the books, accounts contracts, records, and data of Lessee pertaining to its operations on the Property and sales of production from the Property." Pl.'s Mot. 2, ECF No. 39 (emphasis added). But a right to inspect is distinct from a right to an accounting. Encana cites a trio of cases to make this point. *See Marshall v. Ribosome L.P.*, 2019 WL 2041062, at *8 (Tex. App.—Houston [1st Dist.] May 9, 2019, no pet.) (mem. op.); *U.S. Commodity Futures Trading Comm'n v. Theye*, 2011 WL 2496219, at *3 (W.D. Tex. May 16, 2011); *Litton Sys., Inc. v. Frigitemp Corp.*, 613 F. Supp. 1386, 1388 (S.D. Miss. 1985). The cases are neither controlling nor factually analogous to present circumstances. They do, however, offer clear and correct applications of law—the *Marshall* and *Litton* courts make explicit distinctions between inspections and accountings, while *Theye* makes the point implicitly. *See Marshall*, 2019 WL 2041062, at *8 ("[T]he partnership agreement gives the limited partner the right to inspect [defendant's] books and records at reasonable times. It does not, however, include any additional right to an accounting, and [plaintiff] does not identify any other source that gives him that right."); *Litton Sys., Inc.*, 613 F. Supp. at 1388 ("[Defendant] is not contractually obligated to provide [plaintiffs] with an accounting. While the clauses clearly obligate [defendant] to open its books and accounting records to [plaintiffs] for inspection and audit, the clauses do not . . . place the responsibility of an accounting[] on [defendant]."); *see also Theye*, 2011 WL 2496219, at *3 (referencing a restraining order which separately required

defendants to (1) provide an accounting and (2) to inspect and copy books and records). LBH offers no persuasive authority or competing interpretations.[1]

Next, and more briefly, the Court considers the relevance of LBH's written requests for an accounting. Unilateral demands that are subsequently refused do not form the basis of a contract. So from where does Encana's alleged obligation arise? In its motion, Encana addresses arguments for accountings framed as implied rights or equitable remedies. Def.'s Mot. 13, ECF No 40. While Encana persuasively refutes each one, LBH did not actually raise these theories. The Court will not spell out the flaws in arguments that LBH could not be bothered to make.

## IV. Conclusion

The central issue here can be resolved by a truism: an inspection is not an accounting. LBH was contractually entitled to the former, not the latter. At no point has LBH argued that Encana refused to open its books for inspection. Instead, Encana's "breach" is premised on its duty to provide an accounting. Because Encana had no such duty, LBH's motion for summary judgment fails. Moreover, because Encana did not breach the lease agreement, LBH's claim for attorney's fees fails. Encana's motion for summary judgment, on the other hand, prevails. The lease agreement is unambiguous and will be enforced as written. A separate order follows.

SIGNED this 27th day of November, 2019.

Royce C. Lamberth
United States District Judge

---

[1] LBH's flagship citation, *Lindgren v. Delta Investments*, 936 S.W.2d 422 (Tex. App. 1996), proves unhelpful—it involves a contract that expressly called for an accounting. *Lindgren*, 936 S.W.2d at 427 n5.

4